IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STACY JAMES, WILLIAM HAAG and MICHAEL SCHRIBER,<br><br>    Plaintiffs,<br><br>  v.<br><br>IGNATIUS A. PIAZZA and FRONT SIGHT MANAGEMENT INCORPORATED dba FRONT SIGHT FIREARMS TRAINING INSTITUTE,<br><br>    Defendants.<br>_____/ | No. C-05-04532 JW (PVT)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO QUASH NON-PARTY SUBPOENA; ORDER DENYING DEFENDANTS' MOTION TO SHORTEN TIME**<br><br>**[Docket No. 33]** |

    Defendants Ignatius A. Piazza and Front Sight Management Incorporated dba Front Sight Firearms Training Institute (collectively "Defendants") move to quash the non-party subpoena issued to Ted W. Carlson, or in the alternative, to stay the non-party subpoena. Defendants further move to shorten time for hearing of their motion to quash.[1] Having reviewed the briefs filed by Defendants,

---

[1] Defendants moved to shorten time and noticed a requested hearing date of May 26, 2006. Defendants did not notice a hearing date "not less than 35 days after service of the motion" pursuant to Civ. L.R. 7-2. In the event the court denied their motion to shorten time, Defendants would have had to re-notice their motion for a new date. Rather, defendants should file their moving papers with a noticed hearing date "not less than 35 days after service of the motion" accompanied by the motion to shorten time. In the event, the court grants the motion to shorten time, the parties would be notified of the new hearing date.

1   IT IS HEREBY ORDERED that Defendants' motion to quash the non-party subpoena
2 to Ted W. Carlson is GRANTED without prejudice;
3   IT IS FURTHER ORDERED that Defendants' motion to shorten time is DENIED as
4 moot.[2]
5   Defendants move to quash the non-party subpoena issued to Ted W. Carlson on the
6 grounds that the deposition of Mr. Carlson is not relevant to the merits of the case and that
7 the discovery period has not opened.[3]
8   Plaintiffs issued their non-party subpoena to Mr. Carlson from the U.S. District Court
9 in the Northern District of California. As stated in the non-party subpoena issued to Mr.
10 Carlson, the deposition is scheduled to take place in Orange County, California. A subpoena
11 for attendance at a deposition must issue from the court for the district where the deposition
12 is to be taken. Fed. R. Civ. P. 45(a)(2)(B). Therefore, the non-party subpoena issued to Mr.
13 Carlson was issued from the wrong district and Defendants' motion to quash is granted
14 without prejudice. Because Defendants' motion to quash has been granted, Defendants'
15 motion to shorten time is denied as moot.
16   Prior to re-noticing the deposition of Mr. Carlson, the parties shall meet and confer
17 pursuant to the local rules. *See, e.g.,* Civ. L.R. 30-1. Absent agreement of the parties or
18 further leave of the court, in the event Defendants file a motion to stay discovery, any noticed
19 deposition of Mr. Carlson would be stayed pending resolution of the motion.
20   IT IS SO ORDERED.
21 Dated:   *5/24/2006*

                            _____
22                          PATRICIA V. TRUMBULL
                            United States Magistrate Judge

---

[2] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

[3] As the parties have participated in a conference pursuant to Rule 26(f) and the court has held a case management conference, discovery is open. *See*, Fed. R. Civ. P. 26. Alternatively, Defendants may seek a motion to stay discovery.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

4