1  C. Keith Greer, Esq. (State Bar No. 135537)
   Steven J. Roberts, Esq. (State Bar No. 128829)
2  Christopher C. Walton, Esq. (State Bar No. 231298)
   LAW OFFICES OF GREER & ASSOCIATES, A.P.C.
3  16787 Bernardo Center Drive, Suite 14
   San Diego, California 92128
4  Telephone: (858) 613-6677
   Facsimile: (858) 613-6680
5  greerkeith@aol.com
   steve.roberts@greerlaw.biz
6  chris.walton@greerlaw.biz

7  Attorneys for Plaintiffs

8
   Eric L. Webb (State Bar No. 192532)
9  Duane L. Bartsch (State Bar No. 194408)
   Ji H. Yoo (State Bar No. 227520)
10 BARTSCH & WEBB
   317 Rosecrans Avenue
11 Manhattan Beach, California 90266
   Telephone: (310) 546-4004
12 Facsimile: (310) 546-4033
   ewebb@elwlaw.com
13 duane@bwlaw.us
   ji@bwlaw.us
14
   Attorneys for Defendants
15

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| STACY JAMES, WILLIAM HAAG and MICHAEL SCHRIBER, Individually, On Behalf of All Others Similarly Situated and On Behalf of the General Public, <br><br> Plaintiffs, <br><br> vs. <br><br> IGNATIUS A. PIAZZA and FRONT SIGHT MANAGEMENT INCORPORATED dba FRONT SIGHT FIREARMS TRAINING INSTITUTE, <br><br> Defendants. | Case No. C-05-04532-JW <br><br> CLASS ACTION <br><br> **STIPULATED PROTECTIVE ORDER** AS MODIFIED BY THE COURT  p/7 |

STIPULATED PROTECTIVE ORDER
C-05-04532-JW

In order to protect the confidentiality of and the rights to information and documents developed and disclosed in connection with this litigation and facilitate discovery by and among the parties and non-parties,

**THE PARTIES HEREBY STIPULATE as follows:**

1. All information, things or documents (or portions thereof) filed with the Court or produced either by a party or by a non-party as part of discovery in this action shall be governed by this Protective Order.

2. A party or non-party (hereinafter "Designating Party") may designate as "CONFIDENTIAL" proprietary documents, materials, items, deposition testimony, or information filed with the Court or produced as part of discovery in this action. ~~As a general guideline,~~ pv1 materials designated "CONFIDENTIAL" shall be only ~~those~~ pv1 things which the Designating Party believes, in good faith, contains information that warrants protection under FRCP 26(c). pv1 ~~of a proprietary business or of a confidential or personal nature.~~

3. A Designating Party may designate as "ATTORNEYS' EYES ONLY" proprietary documents, materials, items, deposition testimony, or information filed with the Court or produced as part of discovery in this action. ~~As a general guideline,~~ pv1 materials designated "ATTORNEYS' EYES ONLY" shall be only ~~those~~ pv1 things that contain CONFIDENTIAL pv1 information for which disclosure to a party would create a substantial risk of harm that cannot be avoided by less restrictive means. ~~contain information, the disclosure of which may potentially cause harm to the competitive or financial position, or privacy rights, of the Designating Party.~~ pv1

4. Documents, materials, items, deposition testimony or answers to written discovery designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" hereinafter are collectively referred to as "Confidential Material." Except as may be otherwise provided by this Order or by further order of the Court or further stipulation of the parties, documents or things designated as Confidential Material, as well as the matters contained therein, and extracts and summaries thereof containing confidential information, shall be used for no purpose other than prosecuting or defending the above-captioned action and shall be disclosed only to the persons identified in paragraphs (8) and (9) below. In no event shall any person receiving Confidential

- 1 -

Material use it for commercial or competitive purpose or make any public disclosure of the contents thereof. However, nothing contained in this Protective Order shall affect the right of the Designating Party to disclose or use its own Confidential Material, nor will it be construed as a limitation on a party's ability to show materials designated by another party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to that Designating Party, including any present employee thereof.

5. Pursuant to this Protective Order, Confidential Material shall be designated and marked as follows:

(a) Documents: Documents may be designated as Confidential Material by placing the following legend, or equivalent thereof, on any such document: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such legend shall be placed upon the first page of each document containing Confidential Material and upon each page within such document considered to contain Confidential Material.

(b) Magnetic Media Documents: Where a document is produced in a magnetic media (such as floppy diskette or tape) or in optically readable media, the medium container shall be marked or stickered with the appropriate confidentiality notice as described in paragraph 5(a) above. To the extent that any party prints any of the information contained on magnetic media that is designated as Confidential Material, such printouts will be marked as described in paragraph 5(a) above.

(c) Physical Exhibits: The confidential status of physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in paragraph 5(a) above.

(d) Written Discovery: In the case of information incorporated in answers to interrogatories or requests for production or responses to requests for admissions, the appropriate confidentiality notice as described in paragraph 5(a) above shall be placed on each answer or response that contains Confidential Material.

(e) Deposition Proceedings: Designation of portions, or the entirety, of deposition transcripts (including exhibits) as "CONFIDENTIAL" or "ATTORNEYS' EYES

Case 5:05-cv-04532-JW Document 43 Filed 06/12/06 Page 4 of 11

ONLY" shall be made by a statement to such effect on the record in the course of the deposition, or upon review of such transcript by counsel for the Designating Party within twenty (20) business days after counsel's receipt of the transcript.

Upon designation of the transcript on the record, during the deposition, the portion of the deposition containing Confidential Material shall continue in the absence of all persons to whom access to said Confidential Material has been denied under the terms of this Protective Order. The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing which has been stated to contain Confidential Material and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent, to the Court, and to counsel for the parties bound by the terms of this Protective Order.

With regard to designations made within twenty (20) business days after receipt of the deposition transcript of a deposition, counsel shall make such designations by sending written notice to the Court Reporter, to counsel for the parties, and to any other person known to have a copy of said transcript. The notice shall reference this Protective Order, identify the appropriate level of confidentiality, and identify the pages and/or exhibits so designated. All copies of transcripts designated in this fashion shall be marked with a notice indicating the appropriate level of confidentiality of the material and shall be governed by the terms of this Protective Order.

6. A Designating Party that inadvertently fails to mark an item as Confidential Material at the time of production shall have twenty (20) days thereafter in which to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked as Confidential Material. Within ten calendar (10) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked items and all copies thereof. A Designating Party that fails to correct an error relating to the designation of Confidential Material within the required twenty (20) day period shall thereafter be permitted an opportunity to correct such error only upon a showing of good cause.

7. Protests of the designation of Confidential Material will occur only as follows:

    (a)    If a party believes that material designated "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" is not in fact the proper subject matter for such designation, or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, then such party shall provide to the Designating Party written notice of its disagreement with the designation. The parties shall then attempt to resolve such dispute in good faith on an informal basis.

(b) If the parties are unable to resolve their dispute informally, then the party challenging the designation may request appropriate relief from the Court. It shall be the burden of the Designating Party to establish that the contested material is Confidential Material and appropriately designated. In any even, unless and until a Court ruling is obtained changing a designation, or the Designating Party agrees otherwise in writing, the material involved shall be treated as Confidential Material with the designation assigned by the Designating Party.

8. Materials designated "CONFIDENTIAL" or information derived therefrom may only be disclosed or made available to the following persons in this action, absent advance written consent from the producing parties:

(a) parties;

(b) witnesses who have actual knowledge of the matters raised in this lawsuit (however, witnesses who are shown Confidential Material shall not be allowed to retain copies of the Confidential Material), provided that any such person shall execute the Certification annexed to this order before receiving any Confidential Material;

(c) authors, recipients, and referenced subjects of Confidential Material, provided that any such entity or person shall execute the Certification annexed to this order before receiving any Confidential Material;

(d) the attorneys for the parties including their associates, agents and employees;

(e) experts or consultants retained by any party or its counsel in connection with the subject matter of this action, provided that any such experts or consultants shall execute the Certification annexed to this order before receiving any Confidential Material, prior to receiving any Confidential Materials;

-4-

(f) the Court, pursuant to paragraph 14 of this Protective Order;

(g) outside copy services and their employees used to make copies of discovery materials;

(h) third-party contractors involved in providing litigation support services, provided that any such contractors shall execute the Certification annexed to this order before receiving any Confidential Material; and

(i) court reporters who record testimony taken in the course of this litigation.

9. Absent advance written consent from the Designating Party, materials designated "ATTORNEYS' EYES ONLY" or information derived therefrom may only be disclosed or made available to the persons listed in paragraphs (d) through (l) of this Protective Order. The respective parties may each utilize experts and consultants (individually and collectively hereinafter referred to as "advisor") in connection with the subject matter of this action who may receive "CONFIDENTIAL" and "ATTORNEY'S EYES ONLY" material, provided: 1) prior to receiving any Confidential Material, such advisors shall execute the Certification annexed to this order, 2) such advisor shall not use any Confidential Material for a commercial or competitive purpose, and 3) such advisor shall not discuss or otherwise disclose "ATTORNEY'S EYES ONLY" material or the contents thereof with anyone but counsel, "CONFIDENTIAL" material shall be treated in accordance with the provisions of this Order.

10. Individuals and entities permitted access pursuant to paragraphs 8 and 9 hereof to Confidential Material, or any parts thereof, are hereby ordered not to show, convey or reproduce any such documents or things, or any parts hereof, or any copies thereof, or any matters contained therein, or any extracts or summaries thereof, to any individual or entity who does not otherwise have access to Confidential Material under the provisions of this Order.

11. Any person receiving Confidential Material under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violations of this Protective Order.

12. Any person who receives any Confidential Material shall maintain such material in a secure and safe area and shall exercise due and proper care with respect to the storage, custody use and/or dissemination of such material.

13. As to each entity or person that is required to execute a copy of the Certification annexed to this order, such Certification shall be retained by counsel to the party so disclosing the Confidential Material and made available for inspection by opposing counsel during the pendency of and after termination of the action only upon good cause shown and upon order of the Court.

14. Submission of Confidential Material to the Court shall only be as follows:

(a) ~~Confidential Material shall state on the first page of the pleading containing such Confidential Material that it contains Confidential Material and is submitted under seal. All papers filed in opposition or reply to any sealed motion, which opposition or reply discusses, describes or quotes any portion of the contents of such sealed motion, shall itself be filed under seal. All documents, exhibits or papers filed in connection with any proceedings relating to compliance with, performance under, construction or violation of this Protective Order shall be filed under seal.~~ Any party who seeks to file pleadings or documents that contain or disclose Confidential Materials shall comply with Civil Local Rule 79-5. PV1

(b) A party who lodges or files any paper, pleading or exhibit containing Confidential Material shall submit it to the Court in a sealed envelope which bears the caption of this case and a legend as follows: CONFIDENTIAL-FILED SUBJECT TO COURT ORDER.

(c) ~~Any Confidential Material, if filed with the Court, and any brief referring to any such Confidential Material, shall be kept by the Clerk under seal.~~ PV1

15. In the event that any Confidential Material is used in any pre-trial proceeding in this litigation (including but not limited to conferences, oral arguments, or hearing), the Confidential Material shall not lose its confidential status through such use (unless publically disclosed) and the parties shall take all steps reasonably required to protect the confidentiality of the Confidential Material during such use, including, but not limited to, requesting in camera proceedings. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

The parties will meet and confer in good faith prior to trial to establish procedures for the use of Confidential Material at trial.

16. If any Confidential Material is disclosed to any person other than in a manner authorized by this Order, the party responsible for the disclosure, or who has knowledge of such disclosure, upon discovery of the disclosure, shall immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure, or who has knowledge of the disclosure (including the name, address and employer of the person to whom the disclosure was made), and shall immediately make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information.

17. If a deponent refuses to agree to the nondisclosure provisions of this order, as provided in paragraphs (4 and 10 through 12) hereof, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, prior to showing the document to the deponent, the parties will meet and confer in good faith to establish procedures for the use of Confidential Material during the deposition of the deponent who refuses to agree to the nondisclosure provisions of this Order.

18. This order shall not, in itself:

(a) constitute a waiver of any party's right to seek at a future time relief from the Court for an order restricting access to specific documents designated as Confidential Material to a more limited group of individuals or entities than defined in paragraphs (8) and (9) hereof, or granting access to specific documents designated as Confidential Material to specific individuals; or

(b) be construed as an admission or agreement that any document designated as Confidential Material, in fact, is Confidential Material, or otherwise is entitled to any protective relief whatsoever; or

(c) be construed to waive any applicable privilege, work-product protection, or other protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege, work-product protection, or other protection.

-7-

1    19.    In no event will any party disclose Confidential Material to any individual
2  or entity except as specifically allowed in paragraphs (8) and (9) hereof, unless written notice is
3  given to the affected party or parties fourteen (14) calendar days in advance of the contemplated
4  disclosure. In such cases, the disclosure can be made only if the ~~party so notified fail(s) to object~~ designating party agrees P/7
5  ~~within the fourteen-day notice period.~~ in writing to the disclosure. /V7  If an objection is interposed, counsel for the parties will
6  endeavor to reach an agreement to govern the proposed disclosure. If no agreement is reached, the
7  party who has proposed the disclosure may seek relief from the Court. pursuant to paragraph 7. P/7
8    20.    At the conclusion of litigation between the parties, including the running of
9  any time to appeal, a party in possession of Confidential Material, other than that which is
10 contained in pleadings, correspondence and deposition transcripts, shall either (a) return such
11 documents no later than thirty (30) calendar days after conclusion of this action to counsel for the
12 party or non-party who provided such information, or (b) destroy such documents within the time
13 period upon consent of the Designating Party and certify in writing within thirty (30) days that the
14 documents have been destroyed.
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

- 8 -

STIPULATED PROTECTIVE ORDER
C-05-04532-JW

1  21.  As stated previously, when challenged it shall be the burden of the
2  Designating Party to establish that the contested material is Confidential Material and properly
3  designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Each party also reserves
4  the right to apply to the Court to modify the terms of this Order in the event the party believes it to
5  be necessary. In the event such an application is made, all persons prescribed herein shall be
6  bound by this Order until it is modified by the Court.

**SO STIPULATED.**

Dated: June 6, 2006

LAW OFFICES OF GREER & ASSOICATES, A.P.C.

By: _____
    C. Keith Greer, Esq.
    Steven J. Roberts, Esq.
    Attorneys for Plaintiffs

Dated: June 8, 2006

**BARTSCH & WEBB**

By: _____
    Eric L Webb, Esq.
    Duane L. Bartsch, Esq.
    Attorneys for Defendants

## ORDER

The Court, having reviewed the above stipulation of counsel, and good cause appearing, **IT IS SO ORDERED,** as modified by the court herein.

Dated: 6/12, 2006

_____
Hon. ~~James Ware~~ Patricia V. Trumbull
UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

## ATTACHMENT "A" TO STIPULATED PROTECTIVE ORDER

**James, et. al. v. Piazza, et.al.**
U.S. District Court (Northern Dist. Cal.) Case No.: C05-04532-JW

I do solemnly swear [As modified by the court] that I am fully familiar with the terms of the Stipulated Protective Order entered in *James, et.al. v. Piazza, et.al.*, United States District Court for the Northern District of California, Civil Action C05-04532-JW, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for the purposes of enforcing the Stipulated Protective Order.

Date:

Printed Name:
Address: