C. Keith Greer, Esq., State Bar No.: 135537
LAW OFFICES OF GREER & ASSOCIATES, A.P.C.
16787 Bernardo Center Drive, Suite 14
San Diego, California 92128
Telephone: (858) 613-6677
Fax: (858) 613-6680
greerkeith@aol.com

Attorneys for Plaintiffs

*IT IS SO ORDERED*
*/s/ James Ware*
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STACY JAMES, WILLIAM HAAG and MICHAEL SCHRIBER, Individually, On Behalf of All Others Similarly Situated and On Behalf of the General Public,<br><br>    Plaintiffs,<br><br>  vs.<br><br>IGNATIUS A. PIAZZA, FRONT SIGHT MANAGEMENT INCORPORATED dba FRONT SIGHT FIREARMS TRAINING INSTITUTE, MICHAEL MEACHER and BRAD ACKMAN,<br><br>    Defendants.<br>_____ | Case No.: C 05-04532 JW<br><br><u>CLASS ACTION</u><br><br>**[FIRST AMENDED ~~PROPOSED~~]**<br>**FINAL JUDGMENT AND ORDER**<br>**OF DISMISSAL WITH PREJUDICE** |

1   This matter came before the Court for hearing on October 15, 2007, pursuant to an Order of this Court, dated October 3, 2007, on the application of the Settling Parties for approval of the settlement set forth in the Third Amended Stipulation of Settlement dated June 27, 2007 (the "Third Amended Stipulation").  Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

   1.   This Judgment incorporates by reference the definitions in the Third Amended Stipulation, and all terms used herein shall have the same meanings set forth in the Third Amended Stipulation.

   2.   This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

   3.   All of the Released Claims are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Settlement Class who have timely filed valid claims requesting inclusion in the Settlement Class, and as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Third Amended Stipulation.

   4.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Third Amended Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the Settlement Class and each of the Settlement Class Members.  This Court further finds the settlement set forth in the Third Amended Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Settlement Class Members and the Defendants. Accordingly, the settlement embodied in the Third Amended Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Third

Amended Stipulation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies, for purposes of effectuating this settlement, a Settlement Class of all Persons who purchased or acquired lifetime Front Sight Management Incorporated dba Front Sight Firearms Training Institute memberships during the period between January 1, 1997 and December 31, 2003, inclusive. Excluded from the Settlement Class are Defendants and their Related Parties as well as members of the immediate families of each named individual Defendant, any entity in which any named Defendant has or had a controlling interest, current or former officers and directors of Front Sight, and the legal representatives, heirs, successors, predecessors in interest, or assignees of any such excluded person or entity. Also excluded from the Settlement Class are those Persons who did not timely file valid claims pursuant the Notice of Pendency and Proposed Settlement of Class Action. The certification of the Settlement Class shall be binding only with respect to the settlement of the Litigation.

6. With respect to the Settlement Class, this Court finds for the purposes of effectuating this settlement that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class: (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

**[FIRST AMENDED PROPOSED] FINAL JUDGMENT**, *James v. Piazza*. **Case No. CV 05-04532 JW**

Judgment (1)                                             3

7. Upon the Effective Date, the Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons. "Released Claims" do not include the Defendants' obligations under the Third Amended Stipulation, or obligations arising from memberships, awards or certificates for which claims have not been filed or for which claims have been determined to be invalid.

8. All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

9. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and Class Counsel from all claims (including unknown claims), arising out of, relating to, or in connection with the institution or prosecution of the Litigation or the Released Claims, except for claims arising from the Settlement Class Members' and Class Counsel's obligations under the Third Amended Stipulation.

10. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and supplemental notices, and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice, constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Third Amended Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and any other applicable law.

11. Any plan of allocation submitted by Class Counsel or any order entered regarding the application for attorneys' fees and expenses or Incentive Bonuses for the

Lead Plaintiff shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

12. Neither the Third Amended Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Third Amended Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Defendants and/or their Related Parties may file the Third Amended Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) all real property and related rights of Front Sight for which this Court has previously issued orders setting restrictions on the sale or encumbrance thereof; (b) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (c) disposition of the Settlement Fund; (d) hearing and determining applications for Incentive Bonuses for the Lead Plaintiffs and attorneys' fees and expenses in the Litigation; and (e) all parties hereto for the purpose of construing, enforcing and administering the Third Amended Stipulation, including without limitation determining the adequacy of proof submitted in support of timely filed claims.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15. Defendants shall provide to Class Counsel, Gilardi & Co. LLC ("Escrow Agent/Claims Administrator") and the Special Master, George C. Fisher, Esq., such documentation as is reasonably necessary to confirm that Defendants are in compliance with Front Sight's financial and other obligations under the Third Amended Stipulation to:

(a) pay ten percent (10%) of Front Sight's gross monthly revenues to the Settlement Fund; and

(b) not encumber, sell or transfer Front Sight's assets except as authorized by the Court.

Such verifying documents shall at a minimum include Front Sight's monthly bank account statements and such other documentation as the Escrow Agent/Claims Administrator deems reasonably necessary to properly meet its obligations to the Court.

Escrow Agent/Claims Administrator shall continue to apprise the Court, Class Counsel and Defendants' Counsel of the status and activity of matters identified in ¶¶15 (a) and (b) above via bimonthly reports until final and full distribution of the Settlement Fund.

16. The Partial Judgment previously entered by this Court is incorporated in this Judgment, and both the Judgment and the lien against Front Sight's assets previously entered by the Court shall remain effective until the Settlement Fund is fully funded, however they will be immediately reduced to reflect the total of: (1) the actual amount of claims filed to date; (2) Court awarded attorneys' fees and costs of $800,000.00; and (3) Court awarded Incentive Bonuses awarded to the Lead Plaintiffs in the amount of $30,000.00 (i.e., $10,000.00 each). That portion of the Judgment constituting the amount determined by the Special Master to have been paid by Platinum Members in excess of $25,000.00 and the amount of claims where the Class Members opted to immediately relinquish their memberships, shall accrue simple interest at 5% per annum. The remainder of the Judgment, constituting court awarded attorneys' fees and costs, Incentive Awards to the Lead Plaintiffs, and the principle amount of claims filed by Class Members who opted to retain their membership rights until they are paid in full under the terms of

1 the Third Amended Stipulation of Settlement, shall not accrue interest.

2     17.     The Judgment and lien shall be decreased by the amount paid by Front Sight into the Settlement Fund pursuant to the Third Amended Stipulation of Settlement.

    18.     The Court appoints Special Master George C. Fisher, Esq. as the hearing officer to oversee evidentiary hearings and make findings of fact and law regarding: (1) the adequacy of proof provided by claimants who timely filed claims that were deemed by the Claims Administrator to not present sufficient documentation to establish the amount said claimants paid for their Front Sight memberships; (2) the adequacy of proof provided by claimants whose claims were approved by the Claims Administrator but whose claims are disputed by Defendant Front Sight; and (3) whether claimants filing late claims can establish "good cause" for relief from the court ordered time limitations for filing claims.

    19.     Within 10 days of this Order, the Claims Administrator shall send notice to all claimants who filed claims that were not approved by the Claims Administrator, advising them of: (1) the reason their claims were found to be deficient; (2) that they may submit additional documentation to cure the deficiency within 15 days of the date they receive the notice of deficiency (which will be presumed to be five days from the date the notice was sent, unless evidence to the contrary is submitted by the claimant); and (3) that they have the right to attend the hearing before the Special Master, which will take place on a specific date identified in the notice, which must be within 60 days of the court order approving the settlement.

    20.     Within 10 days of this Order, Defendant Front Sight shall give written notice to Class Counsel, the Special Master and the Claims Administrator of any claims it disputes, and the reasons for such disputes.  Within 5 days after receipt of said notice, the Claims Administrator shall send notice to all affected claimants, advising them of: (1) the reason their claims are being disputed by Defendant Front Sight; (2) that they may submit additional documentation to address the issues raised by Defendant Front Sight within 15 days of the date they receive the notice of deficiency (which will be presumed to be five days from the date the notice was sent, unless evidence to the contrary is submitted by the

claimant); and (3) that they have the right to attend the hearing before the Special Master, which will take place on a specific date identified in the notice, which must be within 60 days of the court order approving the settlement.

21.     These evidentiary hearings will take place at the Law Offices of Ropers, Majeski, Kohn & Bentley, 80 North First Street, San Jose, California, or another place mutually agreed to by the parties. Upon completion of the evidentiary hearings the Judgment Lien against Front Sight's assets will be amended to reflect the aggregate amount of claims which are found to be valid by the Special Master, less any monies paid by Front Sight into the Settlement Fund pursuant to the Third Amended Stipulation of Settlement.

22.     Class Counsel and Lead Plaintiffs will retain full authority to act on behalf of the Settlement Class until such time as the Settlement is fully funded. Such authority includes the authority to act on behalf of the Settlement Class to establish the validity of timely filed claims and to undertake subsequent enforcement proceedings, if necessary. Class Counsel shall be responsible for advancing the costs reasonably necessary to instigate and maintain such enforcement action(s) subject to the terms of the Third Amended Stipulation. Class Members will be bound by any and all subsequent rulings and proceedings relating to enforcement of the Settlement Agreement which may be undertaken by Class Counsel and the Lead Plaintiffs.

23.     In the event that the settlement does not become effective in accordance with the terms of the Third Amended Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided in the Third Amended Stipulation, and all previously entered orders of this Court remain in full force and effect until further order by the Court.

The Clerk shall close this file.

DATED:  October 15, 2007

_____
THE HONORABLE JAMES WARE
UNITED STATES DISTRICT JUDGE