United States District Court
For the Northern District of California

1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                            SAN JOSE DIVISION

10   Stacy James, et al.,                         NO. C 05-04532 JW

11              Plaintiffs,                        **ORDER APPOINTING RECEIVER**

12      v.

13   Ignatius A. Piazza, et al.,

14              Defendants.
                                              /

15          On October 15, 2007, a First Amended Final Judgment and Order of Dismissal With

16   Prejudice was entered in this action.  Under the terms of that Judgment, Defendants were ordered to

17   perform enumerated acts in settlement of a class action and the class was given an interest in the

18   property of Defendant Front Sight Management, Incorporated, also doing business as Front Sight

19   Firearms Training Institute (hereafter referred to as, "Front Sight").  The Court retained jurisdiction

20   over the real property and related rights of Front Sight.

21          At a hearing of this matter on May 11, 2009, the Court determined that equitable intervention

22   by the Court is necessary to protect the interest of the judgment creditor class in the property of

23   Front Sight.  The Court determined that Individual Defendant Ignatius A. Piazza and Defendant

24   Front Sight were failing to comply with the Judgment and post-judgment Orders of the Court.  Good

25   cause exists that Front Sight is deliberately failing to comply with the Judgment and will continue to

26   do so.  Therefore, in light of these circumstances, pursuant to Federal Rule of Civil Procedure 66,

27   *sua sponte*, the Court appoints George C. Fisher as Interim-Receiver of Front Sight Management,

28   Inc.  Pending the appointment of a Receiver, the Interim-Receiver is empowered to take immediate

possession, custody and control of any and all business operations, assets, and financial matters of Judgment Debtor Front Sight Management, Incorporated, separately and doing business as Front Sight Firearms Training Institute, whether in the possession of Front Sight Management, Incorporated, or its agents, officers, directors or employees or any other person or entity.  This appointment is effective upon the filing of (1) the Oath of Receiver and (2) Receiver's Bond in the penal sum of $2,500.

During the period of receivership, IT IS ORDERED THAT THE RECEIVER SHALL BE AUTHORIZED TO:

a.   Operate the business of Front Sight Management, Incorporated in the executive capacity of Chief Executive Officer and to continue the business operation in its historical ordinary and usual course, including the collection and distribution of accounts and inventory proceeds, and to review and oversee Front Sight Management, Incorporated, doing Front Sight Management, Inc.' accounting and financial reporting.  The Receiver shall also have all the powers, duties and authority as are provided by law, and shall operate, manage, control, conduct, care for, preserve, and maintain all of the assets of Front Sight Management, Incorporated, (the "Assets").  The Receiver shall maintain all or some of the existing staff, completing the processing, preparing, reconditioning, or sale of said Assets, and other assets as it is appropriate for the orderly management, control and operation of Front Sight Management, Incorporated, and incur the expenses necessary to preserve, protect and carry out the foregoing;

b.   Exclude as deemed necessary any Front Sight Management, Incorporated, personnel or officers from the business premises and the premises of business operation;

c.   Enter, gain access and take possession of Front Sight Management, Inc.' business premises.  In this regard, the Receiver shall be authorized to change the locks on all doors providing access to the Business Premises and to do all things which he deems necessary to protect the Assets;

2

United States District Court

For the Northern District of California

d.   The Receiver shall further be authorized to take possession and collect the accounts, chattels, paper and general intangibles of every kind arising out of Front Sight Management, Inc.' operations and the sale, resale, transfer or distribution of the Assets and take possession of all the books and records relating to the foregoing, wherever located, as the Receiver deems necessary for the proper administration of the Receivership Estate, but the books and records shall be made available to Front Sight Management, Inc. as is reasonably necessary;

e.   Review and approve or deny the incursion of corporate expenses;

f.   Review and approve or deny any and all corporate disbursements;

g.   Sequester or otherwise set aside and segregate funds in sufficient quantity to satisfy Plaintiffs' outstanding Judgment plus all accrued interest, plus such sums as required to compensate Receiver.  Subject to further application by the Receiver, the Receiver shall charge no more than $300 per hour for his services and shall be paid out of the Assets subject to this receivership, unless otherwise ordered by the Court;

h.   Provide weekly reports to the Court, with copies to counsel, of business financial operations, reflecting the Receiver's fees and administrative costs and expenses incurred for said period in the operation and administration of the Receivership Estate;

I.   The Receiver is authorized and empowered with the right to execute and prepare all documents and to perform all acts, either in the name of Front Sight Management, Incorporated, also doing business as, Front Sight Firearms Training Institute., as it is applicable, or in the Receiver's own name, which are necessary or incidental to preserving, protecting, managing, controlling or liquidating the property of the Receivership Estate;

j.   The Receiver is authorized to and empowered with the right to demand, collect and receive all monies, funds and payments arising from the Assets;

3

k.   The Receiver may in his sole discretion contact each of the accounts receivable debtors of Front Sight Management, Inc. ("Accounts Receivable Debtors") in order to advise them to send any and all payments directly to the Receiver;

l.   The Receiver may take any and all steps necessary to receive, collect and review all mail addressed to Front Sight Management, Inc.  The Receiver is also authorized to instruct the U.S. Postmaster to reroute, hold, and or release said mail to said Receiver. Mail reviewed by the Receiver in the performance of his duties will promptly be made available for inspection to Front Sight Management, Inc. after review by the Receiver;

m.   The Receiver shall take possession of all bank accounts of Front Sight Management, Inc. and all accounts and chattel paper wherever located, and shall receive possession of any money on deposit in said bank accounts;

n.   The Receiver is authorized to employ agents, employees, appraisers, guards, clerks, accountants, attorneys, and management consultants to administer the Receivership Estate and to protect the Assets as he shall deem it necessary.  No risk or obligation incurred by said Receiver shall be at personal risk or obligation of the Receiver, but shall be the risk or obligation of the Receivership Estate;

o.   If there is insufficient insurance coverage on the Assets, it is hereby ordered that the Receiver shall have thirty (30) working days to procure said insurance on the Assets, and during said period, the Receiver shall not be personally liable for claims arising or for the procurement of insurance;

p.   The Receiver is empowered to establish bank accounts at any bank for the deposit of monies and funds collected and received in connection with his administration of the Receivership Estate, provided that all funds on deposit are insured by an agency of the United States government;

q.   The Receiver is authorized to institute ancillary proceedings in this State or other States as is necessary to obtain possession and control of any property or asset of

4

**United States District Court**
For the Northern District of California

1    Front Sight Management, Inc., and the Receiver may engage the services of counsel

2    if necessary.  The Receiver may pay for such services from the funds of the

3    Receivership Estate; and

4    r.    The terms and conditions of receivership shall be subject to further court order,

5         amendment or modification, upon the Court's own initiative or at the

6         recommendation of the Receiver, and shall terminate only upon further order of the

7         Court.

8    s.    The fees of the receiver shall be paid out of the Assets.

9    IT IS FURTHER ORDERED THAT DEFENDANTS, each of them, and their respective officers,

10   directors, shareholders, general partners, limited partners, members, agents, property managers,

11   employees, assignees, successors, representatives, and all persons acting under, in concert with, or

12   for them, and all other persons with actual or constructive knowledge of this Order, and each of

13   them shall do as follows:

14   a.    Turnover to the Receiver the possession and management of the Assets and other

15        items of the Receivership Estate;

16   b.    Turnover to the Receiver all keys, leases, books, records, books of account, ledgers,

17        operating statements, budgets, real estate tax bills, and all other business records

18        relating to the Assets or Business Premises of Front Sight Management, Inc.,

19        wherever located, and in whatever mode maintained;

20   c.    Turnover to the Receiver all documents pertaining to licenses, permits and Taxpayer

21        ID Numbers, as well as government approvals relating to the Assets, and shall

22        immediately advise the Receiver of their Federal Taxpayer Identification Number

23        used in connection with the operation of Front Sight Management, Inc.;

24   d.    Shall immediately advise the Receiver as to the nature and extent of insurance

25        coverage for Front Sight Management, Inc. or its operations and shall immediately

26        name the Receiver as an additional insured on the insurance policies for the period

27        that the Receiver shall be in possession of Front Sight Management, Inc..  Defendants

28                                            5

1   are prohibited from canceling, reducing or modifying any and all insurance coverage

2   currently in existence with respect to Front Sight Management, Inc. and its

3   operations;

4   e.   Shall turnover to the Receiver all leases, licenses, or other agreements of any kind

5   whatsoever;

6   f.   Shall turnover to the Receiver all monies or funds of any type in the account or

7   accounts of Front Sight Management, Inc.;

8   g.   Shall not commit or permit waste on the Business Premises, or commit or permit any

9   act on the Business Premises in violation of law, or remove, transfer, encumber or

10   otherwise dispose of any of the Business Premises or the fixtures thereon, or the

11   Assets or any part thereof;

12   h.   Shall not directly or indirectly interfere in any manner with the discharge of the

13   Receiver's duties or his possession of and operation or management of Front Sight

14   Management, Inc.;

15   I.   Shall not demand, collect, receive, discount, or in any other way divert or use any of

16   Front Sight Management, Inc.' accounts payable or other Assets;

17   j.   Shall not interfere with the Receiver's collection of accounts receivable;

18   k.   Shall not dispute, remove or secrete the inventory of Front Sight Management, Inc.;

19   l.   Shall not expend, disburse, transfer, assign, sell, convey, devise, pledge, mortgage,

20   create a security interest in, encumber, conceal, or in any manner whatsoever deal in

21   or dispose of the whole or any part of the Assets; and

22   m.   Shall not do any act which will or which will tend to impair, defeat, prevent or

23   prejudice the preservation of the Assets.

24   IT IS FURTHER ORDERED THAT, the following shall apply:

25   a   On **June 15, 2009**, a hearing will be held with respect to this matter.  On or before

26   **June 5, 2009**, the Interim-Receiver shall file and serve a report addressing any of the

27   matters pertaining to his appointment, including whether he would assume the

28

6

1   appointment as the Receiver.  In addition, the Receiver shall investigate and report

2   whether any new entities should be brought in to this case and added to the Judgment

3   as the result of any transfer of properties and assets of Front Sight between the date of

4   the Judgment and the date of the hearing

5   b.   In no event shall the Receive be responsible for paying any expenses of Defendants

6        or other payables owed to third parties which payables were due and owing prior to

7        the appointment of the Receiver; and

8   c.   The parties hereto or the Receiver may at any time apply to this Court for further or

9        other instructions and for further powers necessary to enable the Receiver to perform

10       his duties properly.

11

12  IT IS SO ORDERED.

13

14  Dated: May 11, 2009                                    _James Ware_____

15                                                          JAMES WARE
                                                            United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

7

United States District Court

For the Northern District of California

1   **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2   Christopher Clyde Walton chris.walton@greerlaw.biz
    Curtis Keith Greer greerkeith@aol.com
3   Dana E Morris dmorris@nv-legal.com
    Jon Mark Thacker jthacker@ropers.com
4   Richard Martin Williams rwilliams@ropers.com
    Steven John Roberts steve.roberts@greerlaw.biz
5   George Fisher, georgecfisher@gmail.com

6

7   **Dated:  May 11, 2009**                          **Richard W. Wieking, Clerk**

8                                                       **By:      /s/ JW Chambers      **
                                                            **Elizabeth Garcia**
9                                                           **Courtroom Deputy**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28